UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **VICTORIA WOELPER**, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | EP-23-CV-00227-ATB |
| | § | |
| **KILOLO KIJAKAZI,** *Acting* | § | |
| *Commissioner of the Social Security* | § | |
| *Administration*, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM ORDER
REGARDING EAJA FEE MOTION**

Presently before the Court is Plaintiff Victoria Woelper's "Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)" (ECF No. 18) filed on December 11, 2023.  Woelper, the claimant at the administrative level, brought this lawsuit seeking judicial review, pursuant to § 405(g), of the Commissioner's final decision denying her claims for disability insurance benefits and supplemental security income benefits under Title II and Title XVI, respectively, of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and § 1382, *et seq.*[1]  Subsequently, Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration ("Commissioner") filed an unopposed "Motion to Remand for Further Administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g)" (ECF No. 15), which the Court granted.  Order Remanding Case at 2, ECF No. 16.  Woelper now seeks a fee award under the EAJA, which authorizes an award against the Government for reasonable fees in "civil action[s]."  28 U.S.C. §§ 2412(d)(1)(A), (2)(A).

---

[1] After the Honorable District Judge Kathleen Cardone referred, pursuant to 28 U.S.C. § 636(b), the case to the undersigned Magistrate Judge, the parties consented to have the undersigned judge decide the case and enter final judgment.

Specifically, Woelper seeks a fee award in the amount of $9,590.63, which includes paralegal fees in the amount of $360.00. Pl.'s Mot. for Award of Att'y Fees Pursuant to the EAJA at 1, 4–5 [hereinafter, Pl.'s EAJA Fee Mot.],[2] ECF No. 18. In a declaration submitted in support of the fee motion, Woelper's counsel declares that she spent a total of 38.5 hours on this case in 2023, and argues that her reasonable hourly rate, adjusted for cost of living,[3] is $240.00 for 36 hours (which includes 34 hours she spent on Woelper's opening brief) and her reasonable hourly rate is $236.25 for 2.5 hours she presumably spent on reviewing the case materials to decide whether to accept the case. *Id.* at 4–5, 18; *id.*, Ex. B, ECF No. 18-1. Counsel also declares that her paralegal spent 3.0 hours on this case and argues that the paralegal's reasonable hourly rate is $120.00. Pl.'s EAJA Fee Mot. at 7.

In response, the Commissioner states that "the overall charges are generally reasonable for the work performed," but takes issue with the requested paralegal hourly rate. Def.'s Resp. to Pl.'s EAJA Fee Mot. at 1–2. She argues that a reasonable paralegal hourly rate should be $100.00, and therefore, the total amount of award should be $9,530.63 (which is $60.00 less than the requested amount). *Id.* Notably, the Commissioner does not otherwise contest the reasonableness of the requested attorney hourly rates, the hours expended by Woelper's counsel, or the hours expended by her paralegal on this case. In her reply brief, Woelper consents to the Commissioner's proposed total amount of award. Pl.'s Reply at 1, ECF No. 20. So, the Court finds that the agreed-upon sum of $9,530.63 should be awarded as reasonable fees.

---

[2] The fee motion includes multiple distinct documents attached thereto, and the pages of some of the documents were not originally numbered. Consequently, the Court's citations to the motion (including the documents attached thereto) refer to the page numbers imprinted thereon by the Court's Case Management and Electronic Case Filing system.

[3] 28 U.S.C. § 2412(d)(2)(A) (providing that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee").

The Commissioner does however oppose Woelper's request that the fee award be paid directly to Woelper's attorney, rather than to Woelper herself. Def.'s Resp. to Pl.'s EAJA Fee Mot. at 2; *see also* Pl.'s EAJA Fee Mot. at 1, 16–17. The Commissioner points out that district courts in the Fifth Circuit have often ordered EAJA awards payable to the plaintiff, even if, as here, the plaintiff assigned his or her rights to the award to the attorney. Def.'s Resp. to Pl.'s EAJA Fee Mot. at 2–3 (citing, among other cases, *Dieckow v. Saul*, No. 5-19-CV-796-RBF, 2020 WL 13441547 at *3 (W.D. Tex. July 17, 2020) ("Whether the Commissioner pays the fees award to [the plaintiff] directly or in care of her counsel is left to the Commissioner's discretion. [The plaintiff's] assignment of an award to her attorney is a matter left for her and her attorney to resolve.")). The Commissioner also relies on *Astrue v. Ratliff*, where the Supreme Court held that "a § 2412(d) fees award is *payable to the litigant* and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." 560 U.S. 586, 589 (2010) (emphasis added).

To be sure, the lower courts in this Circuit are split on the issue of whether an EAJA fee award should be paid to a plaintiff or, instead, directly to his/her attorney. *Compare, e.g.*, *Cardona v. Comm'r of Soc. Sec.*, No. EP-21-CV-00142-DCG-RFC, 2023 WL 2577200, at *2 (W.D. Tex. Mar. 17, 2023) ("[C]onsistent with *Ratliff*, *Jackson*[ *v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013)], and the *majority* approach of Fifth Circuit district courts, the Court recommends an EAJA award payable to [the plaintiff in that case]." (emphasis added)), *R & R adopted*, 2023 WL 2903980 (W.D. Tex. Apr. 11, 2023), *with Bolden v. Colvin*, 114 F. Supp. 3d 397, 399 (N.D. Miss. 2015) (declining to construe *Ratcliff*'s holding that "a § 2412(d) fees award is payable to the litigant" to "deny attorneys from acquiring beneficial interests in, or contractual rights to, any

awards or fees directly payable to their clients" and ordering that the fee award "be paid directly to plaintiff's counsel").

In any event, here, in her reply brief, Woelper does not address the Commissioner's argument that the EAJA award be paid to Woelper, not to her counsel. As such, the Court understands Woelper not to object to an order directing that the fee award be paid to Woelper. *Cf. Mills v. Colvin*, No. CIV.A. 13-701, 2014 WL 6475376, at *2 (E.D. La. Nov. 17, 2014) (concluding that by failing to address in his reply brief the Commissioner's request that the court order the Commissioner to make payment to the plaintiff, in accordance with *Ratliff*, the plaintiff waived any argument that payment should be made directly to his counsel). Moreover, the record reflects that Woelper and her counsel entered into a fee agreement wherein Woelper "promise[d] to pay . . . any court-awarded EAJA attorney fees to [her] attorney," Pl.'s EAJA Fee Mot., Ex. A, at 1, ECF No. 18-1, and so, in the event that Woelper fails to fulfill that promise, counsel is not without some recourse (such as a breach of contract action) to collect the awarded fees from Woelper. Nevertheless, under the circumstances here, the Court finds it appropriate to order that payment be sent "in care of" Woelper's counsel. *See, e.g.*, *Sotello v. Comm'r of Soc. Sec.*, No. 5:19-CV-00303-DAE, 2020 WL 7422102, at *1 (W.D. Tex. July 9, 2020) (ordering that payment of the EAJA fee award be mailed to the plaintiff's attorney); *Mills*, 2014 WL 6475376, at *1 (ordering that the EAJA fee award is "payable to Plaintiff in care of his attorney").

Accordingly, **IT IS ORDERED** that Plaintiff Victoria Woelper's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) (ECF No. 18) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** as to the amount

- 5 -

requested initially and as to Woelper's request that the fee award be directly paid to her counsel; the motion is **GRANTED** in all other respects.

**IT IS THEREFORE ORDERED** that the sum of **$9,530.63** is **AWARDED** to Plaintiff Victoria Woelper as attorney's fees under the EAJA, 28 U.S.C. § 2412(d). This award is **PAYABLE** to Woelper—subject to any offset to satisfy Woelper's pre-existing federal debt, if any exists[4]—not directly to her attorney. Payment shall be **SENT** in care of Woelper's attorney, Kira Treyvus, at the attorney's address on record.

**So ORDERED and SIGNED this  14th  day of December 2023.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Jackson*, 705 F.3d at 531 ("Because the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant owes to the federal government.").